# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT WEISENBORN,<br><br>Plaintiff,<br><br>v.<br><br>MANDARICH LAW GROUP, LLP, et al.,<br><br>Defendants. | Case No.  1:24-cv-00329-SAB<br><br>ORDER RE NOTICE OF VOLUNTARY DISMISSAL AND DIRECTING CLERK OF THE COURT TO TERMINATE MANDARICH LAW GROUP LLP AS A DEFENDANT IN THIS ACTION<br><br>(ECF No. 13)<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Scott Weisenborn filed this action against Defendants Mandarich Law Group, LLP and LVNV Funding, LLC on December 29, 2023, in the Southern District of California. (ECF No. 1.)  On February 15, 2024, Defendant LVNV Funding, LLC filed an answer to the complaint. (ECF No. 7.)  On March 20, 2024, this matter was transferred to the Eastern District of California. (ECF Nos. 9, 10.)  On May 3, 2024, Plaintiff filed a notice of voluntary dismissal dismissing the action with prejudice.  (ECF No. 13.)

Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, "a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment."  Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)).  The Ninth Circuit has held that Rule 41(a) allows a plaintiff to dismiss without a court

1

1 order any defendant who has yet to serve an answer or motion for summary judgment. Pedrina
2 v. Chun, 987 F.2d 608, 609 (9th Cir. 1993). Further, Rule 41(a) of the Federal Rules of Civil
3 Procedure allows a party to dismiss some or all of the defendants in an action through a Rule
4 41(a) notice. Wilson, 111 F.3d at 692; see also Concha v. London, 62 F.3d 1493, 1506 (9th Cir.
5 1995) ("The plaintiff may dismiss either some or all of the defendants—or some or all of his
6 claims—through a Rule 41(a)(1) notice.")); but see Hells Canyon Pres. Council v. U.S. Forest
7 Serv., 403 F.3d 683, 687 (9th Cir. 2005) (The Ninth Circuit has "only extended the rule to allow
8 the dismissal of all claims against one defendant, so that a defendant may be dismissed from the
9 entire action."). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is
10 required, the parties are left as though no action had been brought, the defendant can't complain,
11 and the district court lacks jurisdiction to do anything about it." Commercial Space Mgmt. Co.,
12 Inc., 193 F.3d at 1078. In this action, Defendant Mandarich Law Group, LLP has not filed an
13 answer or motion for summary judgment. "Filing a notice of voluntary dismissal with the court
14 automatically terminates the action as to the defendants who are the subjects of the notice."
15 Concha, 62 F.3d at 1506. Accordingly, this action has been terminated as to Defendant
16 Mandarich Law Group, LLP.

17 However, while Plaintiff states in the notice of dismissal that no defendant has filed an
18 answer to the complaint, Defendant LVNV Funding, LLC has filed an answer, so Plaintiff
19 cannot voluntarily dismiss this action pursuant to Rule 41(a)(1)(A)(i). Federal Rule of Civil
20 Procedure 41(a)(1)(A)(ii) provides that a "plaintiff may dismiss an action without a court order
21 by filing a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P.
22 41(a)(1)(A)(ii). A party may also dismiss an action by filing a motion requesting the Court to
23 dismiss the action. Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal under Rule
24 41(a)(2) is addressed to the sound discretion of the district court. Hamilton v. Firestone Tire &
25 Rubber Co. Inc., 679 F.2d 143, 145 (9th Cir. 1982).

26 Plaintiff's notice of voluntary dismissal as to Defendant LVNV Funding, LLC is
27 procedurally defective under Rule 41(a) because it is not a signed stipulation by all parties who
28 have appeared, and it is not a motion under Rule 41(a)(2). If Plaintiff wishes to dismiss this

action, he is required to comply with the procedures set forth in Rule 41 by filing a stipulation that complies with Rule 41(a)(1)(A)(ii) or a motion under Rule 41(a)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's notice of dismissal as to Defendant LVNV Funding, LLC shall be DISREGARDED as procedurally improper;
2. Plaintiff shall file a request for dismissal that complies with Rule 41 within **fourteen (14) days** from the date of entry of this order; and
3. The Clerk of the Court is DIRECTED to terminate Defendant Mandarich Law Group LLP as a defendant in this action.

IT IS SO ORDERED.

Dated:  **May 6, 2024**

UNITED STATES MAGISTRATE JUDGE